UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**OWEN McPEEK**                                                                                          **PLAINTIFF**


**V.**                                          **CIVIL ACTION NO. 1:06CV492 LTS-RHW**


**JIMMY TAYLOR and**
**STATE FARM FIRE and CASUALTY COMPANY**                              **DEFENDANT**


## MEMORANDUM OPINION

The Court has before it Plaintiff Owen McPeek's (McPeek) motion to remand. For the reasons set out below, this motion will be granted. The Court also has before it Defendant Jimmy Taylor's (Taylor) motion to dismiss. Because I have determined that this Court does not have subject matter jurisdiction of this action, I will deny Defendant Taylor's motion to dismiss without prejudice to his right to refile his motion upon remand.

This is an action to recover for property damage sustained during Hurricane Katrina. Plaintiff McPeek is insured under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company (State Farm). McPeek purchased this policy through State Farm's local agent Defendant Jimmy Taylor (Taylor).

McPeek alleges that in the spring of 2005 he called Defendant Taylor's office to request flood insurance. The complaint alleges that one of Taylor's employees told McPeek that he did not need flood insurance. In reliance on this statement, McPeek alleges, he did not purchase flood insurance.

During Hurricane Katrina McPeek's property sustained substantial damage from the storm surge flooding that occurred during the storm. State Farm denied coverage for these losses on the grounds that they were excluded losses under McPeek's homeowners policy. McPeek's theory of recovery for these losses include fraud and negligent misrepresentation on the part of both Taylor and State Farm as his principal.

State Farm has removed this action on grounds of diversity of citizenship, alleging that McPeek has fraudulently joined Taylor in order to defeat diversity jurisdiction. This is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been

characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Allegations of the Complaint

McPeek has alleged that he called Taylor's office to purchase flood insurance but that he was told by one of Taylor's employees that he did not need flood insurance. McPeek apparently never purchased flood coverage, and he alleges that this omission was done in reliance on the statements made by Taylor's employee. McPeek has alleged both fraud and negligent misrepresentation.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and

> 5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of McPeek's theories of recovery against Taylor.

Of course, the truth of McPeek's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, McPeek's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of McPeek's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Taylor and State Farm have failed to establish that McPeek has no viable legal theory upon which he may proceed against Taylor under McPeek's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge